IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| ST LIBERTY LLC, | Civil Action No. 2:24-cv-06923-RMG |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| | **(NON-JURY)** |
| HEIDIS SARIOL and MANUEL GAMEZ, *in personam*, and the M/Y *Mulch Life* (O.N. 1297837) and her engines, tackle, appurtenances, etc., *in rem*. | |
| Defendants. | |

Plaintiff ST Liberty LLC complaining of Defendants Heidis Sariol and Manuel Gamez, *in personam*, and the), model year 2018, Renegade Powerboats, Inc., 38 Cuddy motor yacht *Mulch Life* (Hull I.D. No. OSOA3801G718; O.N. 1297837) and her engines, tackle, appurtenances, etc., *in rem*, (collectively the "Defendants"), shows this Honorable Court as follows:

## JURISDICTION

1.  This case arises from the breach of a maritime contract for a first preferred ship mortgage secured by the model year 2018, Renegade Powerboats, Inc., 38 Cuddy motor yacht *Mulch Life* (Hull I.D. No. OSOA3801G718; O.N. 1297837) and her engines, tackle, appurtenances,[1] etc., (the "vessel").

2.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the Court's original admiralty jurisdiction

---

[1] Among the vessel's appurtenances is the 2021 Ace Trailer, Serial No. 1A9BB403XMT652105.

1

pursuant to 28 U.S.C. § 1333(1). In addition, subject matter jurisdiction in this Honorable Court is based on the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31303-31343 ("CIMLA"), and is brought pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

3.     This case is governed by Rule C of the Supplemental Rules, CIMLA, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4.     Upon information and belief and at all material times hereto, Defendant vessel was and is registered in the United States and in navigation upon the navigable waters of the United States. Venue is proper because during the pendency of this action, the vessel is and will be within the Charleston Division of the District of South Carolina.

5.     Plaintiff ST Liberty LLC ("ST Liberty") is a limited liability company organized under the laws of the State of Florida with its principal place of business in Fort Lauderdale, Florida.

6.     Upon information and belief, Defendants Heidis Sariol and Manuel Gamez ("Defendants") are residents of the State of Florida and are domiciled in Cape Coral, Florida.

**FACTS**

7.     On or about February 13, 2023, in consideration of a loan of money, Defendant Sariol executed a Note, personally guaranteed by Defendant Gamez, in which she promised to pay the Plaintiff the principal sum of TWO HUNDRED THIRTY-FOUR THOUSAND AND NO/100 ($234,000.00) DOLLARS with interest at the rate of Twenty-One and 99/100 percent (21.99%) per annum. The Note was to be repaid in 96 monthly payments of FIVE THOUSAND ONE HUNDRED NINETY-SEVEN AND 30/100 ($5,197.30) DOLLARS beginning on March 13,

2023, with all remaining principal and interest due on February 13, 2031. A true and accurate copy of the Note is attached hereto as **Exhibit A**.

8. The Note provides, among other things, that Defendants shall be in default if they fail to pay the full amount of each monthly payment when due. The Note further provides that the Defendants shall be in default if they allow insurance securing the vessel against all risks to lapse. The Note further provides that the Defendants are each jointly and severally liable to repay the entire sums due under the Note. The Note further provides that Plaintiff a right to inspect the vessel and trailer, and Defendants have not disclosed the location of the vessel and trailer or permitted inspection of same. The Note further provides that in the event of default, the Plaintiff may require immediate payment of all principal and interest due under the Note, at the default interest rate of Twenty-Four and 99/100 percent (24.99%) per annum. The Note further provides that if the Defendant Borrowers are required to the balance of the Note immediately, the Plaintiff is entitled to recover all costs and expenses in enforcing the Note, including reasonable attorneys' fees.

9. On February 13, 2023, to secure payment of the Note, the Defendants executed a First Preferred Ship Mortgage on the vessel (the "Mortgage") in which they granted the Plaintiff a First Preferred Ship Mortgage on the vessel. The Mortgage was duly filed with the National Vessel Documentation Center, United States Coast Guard, in substantial compliance with the CIMLA. A true and accurate copy of the Mortgage is attached hereto as **Exhibit B.**

10. Plaintiff fully performed its obligations under the Note and Mortgage by, among other things, delivering the proceeds of the loan to the Defendants.

11. The Defendants have failed to make timely payments as required by the Note and have failed to maintain insurance cover on the vessel against all risks as required by the Note.

12. On or about November 19, 2024, Plaintiff gave the Defendants written notice of default under the Note. A true and accurate copy of the notice is attached hereto as **Exhibit C**.

13. As of November 19, 2024, there remained due and owing under the Note the sum of TWO HUNDRED THIRTY THOUSAND SIX HUNDRED SEVENTY AND 65/100 ($230,670.65) DOLLARS, including interest, but not including the costs of this action, *in custodia legis* fees, Marshal's charges, attorneys' fees, and other costs of collection and enforcement. Interest continues to accrue at the rate of $149.04 per day after November 19, 2024.

**FOR A FIRST CAUSE OF ACTION**
**(Foreclosure of Preferred Ship Mortgage)**

14. Plaintiff repeats the above allegations as if set forth herein verbatim.

15. Plaintiff hereby claims a first preferred ship mortgage upon the Defendant vessel in the total amount of indebtedness remaining due under the Note, to wit: as of November 19, 2024, there remained due and owing on the Note the sum of TWO HUNDRED THIRTY THOUSAND SIX HUNDRED SEVENTY AND 65/100 ($230,670.65) DOLLARS, including interest, but not including the costs of this action, *in custodia legis* fees, Marshal's charges, attorney's fees, and other costs of collection and enforcement, in preference and priority over any and all other persons claiming liens against the vessel. Interest continues to accrue at the rate of $149.04 per day after November 19, 2024.

**FOR A SECOND CAUSE OF ACTION**
**(Deficiency Judgment)**

16. Plaintiff repeats the above allegations as if set forth herein verbatim.

17. Plaintiff is entitled to judgment against Defendants Sariol and Gamez for all sums remaining due under the Note, to wit: as of November 19, 2024, there remained due and owing on the Note the sum of TWO HUNDRED THIRTY THOUSAND SIX HUNDRED SEVENTY AND

65/100 ($230,670.65) DOLLARS, including interest, but not including the costs of this action, *in custodia legis* fees, Marshal's charges, attorneys' fees, and other costs of collection and enforcement. Interest continues to accrue at the rate of $149.04 per day after November 19, 2024.

WHEREFORE, Plaintiff prays that summons issue to all Defendants herein; that the Defendants be made to appear and answer the allegations herein; that process in due form of law according to the practice of this Court is cases of admiralty and maritime jurisdiction issue against Defendant vessel, her engines, tackle, appurtenances, etc.; that judgment be rendered for the Plaintiff and against all Defendants for all actual and consequential damages, attorneys' fees, including costs of this litigation, and prejudgment interest, and that judgment be rendered for Plaintiff and against Defendants in an amount as may be proven at trial or which justice requires; that Plaintiff's maritime lien be declared a first priority lien against the Defendant vessel; that Defendant vessel, her engines, tackle, appurtenances and apparel, etc., be sold by the United States Marshal for this District at the Marshal's sale and that the proceeds of the sale be applied first to the payment of *custodia legis* expenses and next to satisfy Plaintiff's maritime lien; that any deficiency after sale of the Defendant vessel be made as a judgment in favor of Plaintiff against the *in personam* Defendants, jointly and severally; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

Respectfully submitted,

By: /s/ Ryan Gilsenan
Ryan Gilsenan, Fed ID. 9837
Julius Hines, SC Bar No. 5807
Edward N. Smith, SC Bar No. 13429
1535 Hobby Street, Suite 203D
Charleston Navy Yard
North Charleston, South Carolina 29405
T: 843-847-8003
E: gilsenan@hinesandgilsenan.com
E: hines@hinesandgilsenan.com
E: smith@hinesandgilsenan.com

*Attorneys for Plaintiff ST Libert LLC.*

## VERIFICATION

PERSONALLY APPEARED G. Robert Toney who, under penalty of perjury, deposes and says:

1. My name is Robert Toney, and I am the managing member of ST Liberty LLC.

2. I am over 18 years of age, of sound mind, and a resident of the State of Florida.

3. I have read the foregoing Verified Complaint and know the contents thereof are true and correct to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

4. The sources of my information and the grounds of my belief are personal knowledge and the documents in my possession.

5. The above statements are true and correct under penalty of perjury.

ST Liberty LLC

_____
G. Robert Toney, *its authorized representative*

November 27, 2024