# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION
## IN ADMIRALTY

| | |
|---|---|
| ST LIBERTY LLC, <br><br> Plaintiff, <br> v. <br><br> HEIDIS SARIOL and MANUEL GAMEZ, *in personam*, and the M/Y *Mulch Life* (O.N. 1297837) and her engines, tackle, appurtenances, etc., *in rem*, <br><br> Defendants. | Case No. 2:24-cv-6923-RMG <br><br><br> **ORDER & OPINION** |

Before the Court is Plaintiff's motion for default judgment as to Defendant Manuel Gamez (Dkt. No. 40). For the reasons set forth below, Plaintiff's motion is granted.

I. **Background**

Plaintiff ST Liberty LLC filed this collection action on November 27, 2024. (Dkt. No. 1). Plaintiff seeks to recover on a promissory note and preferred ship mortgage. Defendant Manuel Gamez was sued as a co-signer of the note.

Plaintiff served Defendant Gamez on February 24, 2025. (Dkt. No. 18). Defendant Gamez has not appeared, answered, or otherwise participated in this action. On March 31, 2025, the Clerk entered default against Defendant Gamez. (Dkt. No. 22).

On June 11, 2025, the Court entered judgment against the *in rem* defendant, the M/Y Mulch Life, and ordered the vessel sold. (Dkt. No. 25). The vessel was sold by the United States Marshal on August 20, 2025, for $200,000. (Dkt. No. 29). On November 13, 2025, Plaintiff received a United States Treasury check in the amount of $198,423.55, representing the proceeds of the sale less the Marshal's commission. (Minute Entry dated Nov. 14, 2025).

Plaintiff now moves for default judgment against Defendant Gamez for the deficiency remaining on the indebtedness after application of the vessel sale proceeds, plus costs and attorneys' fees. (Dkt. No. 40).

## II.   Legal Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g., Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

### III. Discussion

Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendant Gamez admits the allegations in the complaint. Specifically, Defendant Gamez is liable as a co-signer on the promissory note held by Plaintiff. (Dkt. No. 1-1 at 7).

The Court finds that Plaintiff is entitled to default judgment pursuant to Rule 55(b). Because default was properly entered against Defendant Gamez, the Court must accept all well-pleaded factual allegations in the complaint as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001).

Regarding damages, Plaintiff has submitted a declaration and accounting detailing the deficiency. As of November 13, 2025, the principal and interest on the indebtedness totaled $284,176.01. After applying the $198,423.55 in proceeds from the vessel sale, the remaining balance was $85,752.46. Plaintiff further seeks recovery of costs and fees as provided under the note. These include $55,283.62 in U.S. Marshal and substitute custodian expenses and $22,877.11 in attorneys' fees. (Dkt. No. 40 at 3). Additionally, interest on the remaining balance has accrued at the default rate of 24.99% ($58.71 per diem), totaling $3,992.35 through January 20, 2026. (Dkt. No. 1-1 at 2).

The Court finds that the total deficiency amount is a sum certain calculable based on the filings. The total amount due from Defendant Gamez is $167,905.54, calculated as follows:

- Remaining Principal and Interest: $89,744.81
- Total U.S. Marshal and Custodial Expenses: $55,283.62
- Attorneys' Fees: $22,877.11
- Total Deficiency: $167,905.54

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant Manuel Gamez. (Dkt. No. 40). Judgment is entered against Defendant Manuel Gamez in the amount of $167,905.54, plus interest at the rate of $58.71 per day from January 21, 2026, through the date of judgment.

**AND IT IS SO ORDERED**.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 6, 2026
Charleston, South Carolina